IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                          17-CR-40-V

JOHN NELSON,

                    Defendant.

_____

### PLEA AGREEMENT

The defendant, JOHN NELSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.        THE PLEA AND POSSIBLE SENTENCE

1.        The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and 28 grams or more of cocaine base) for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charges in the Indictment.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.      ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      an agreement existed between two or more persons to commit a controlled substance felony offense;

b.      the defendant knew of the existence of the agreement;

c.      the defendant intended to participate in the unlawful agreement; and

d.      at least 500 grams of cocaine or 28 grams of cocaine base were reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.    Beginning in or before January 2013, the exact date being unknown, and continuing until on or about January 23, 2015, in the Western District of New York, the defendant, JOHN NELSON a/k/a Sunny, did knowingly, willfully and unlawfully combine, conspire, and agree with Lawrence Russell a/k/a Mucho and others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and 28 grams or more of cocaine base, both Schedule II controlled substances.

b.    On June 5, 2014, August 21, 2014, January 14, 2015, and January 23, 2015, the defendant, personally or through co-defendant Russell, sold an aggregate 154.2 grams of cocaine and 13.0 grams of cocaine base to a covert FBI source. These sales all occurred at 165 14th Street, Buffalo, New York. The defendant and co-defendant maintained these premises as a storage location for their drugs. Based on the drug weights in these and prior sales by the defendant and co-defendant as part of the conspiracy, at least 2 kilograms but less than 3.5 kilograms of cocaine and at least 112 grams but less than 196 grams of cocaine base were reasonably foreseeable to the defendant as being within its scope.

c.    As part of and at varying times during the conspiracy, the defendant and co-conspirators possessed dangerous weapons, including firearms, for protection and other purposes in furtherance of the conspiracy.

d.    At least 400 kilograms but less than 700 kilograms of marijuana is the aggregate convertible weight of the cocaine and cocaine base involved in the defendant's relevant conduct encompassed in the Indictment which could be readily proven by the government against the defendant.

## III.    SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.     The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(7) apply to the offense of conviction and provide for a base offense level of **26**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.     The government and the defendant agree that the following specific offense characteristics do apply:

a.     the **2-level** increase pursuant to Guidelines § 2D1.1(b)(1) (possessing dangerous weapon); and

b.     the **2-level** increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises for purpose of manufacturing or distributing a controlled substance).

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **30**.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **27**.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is **III**.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of **27** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **87** to **108** months, a fine of **$12,500** to **$5,000,000**, and a period of supervised release of **4** to **5** years.  Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

recommendations.   A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.


14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.


## IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.


## V.     GOVERNMENT RIGHTS AND RESERVATIONS

16.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    At sentencing, the government will move to dismiss the remaining charges of the Indictment as against the defendant.

18.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

19.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISIONS

22.    Prior to or immediately after the entry of a plea of guilty, the defendant agrees to make full and complete disclosure of all assets the defendant owns, whether in the defendant's name or the names of others, which the defendant possesses and/or over which the defendant exercises control.   Further, the defendant agrees to disclose any property obtained as a result of the criminal activity that is the basis of this agreement and disclose who owns such property at this time and the circumstances under which such property was obtained.  The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant also agrees to submit to a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office.  Further, as of the date of this agreement, the defendant agrees not to transfer, secrete or otherwise dissipate any assets the defendant owns, possesses or over which the defendant exercises control without the permission of the government.   In addition, the defendant promises that the defendant will make no such transfers in excess of $1,000 prior to sentencing.

23.    As a condition of the plea, the defendant agrees to the immediate criminal forfeiture of the following property pursuant to Title 21, United States Code, Section 853:

### MONEY JUDGMENT

**The sum of One Hundred Fifty Thousand ($150,000.00) dollars United States currency, to be secured by a money judgment** to accrue interest at the prevailing rate

per annum and shall serve as a judgment and lien against the defendant unless fully satisfied prior to date of sentencing. It is the intention of the United States of America to seize, seek and/or substitute property for forfeiture subsequently discovered if the $150,000.00 judgment is not fully satisfied prior to sentencing.

24.     The defendant agrees that if any of the property described above, as a result of any act or omission of the defendant cannot be located, has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property of the defendant pursuant to Title 21, United States Code, Section 853(p).

25.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a **Preliminary Order of Forfeiture** for the items listed above.  The defendant hereby waives any right to notice of such **Preliminary Order of Forfeiture**.  The defendant further consents and agrees that the **Preliminary Order of Forfeiture** and a **Final Order of Forfeiture** shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

26.     The defendant agrees to release and hold harmless all federal, state, and local law enforcement agencies, and their agents, departments, servants, employees, and contractors from any and all civil liability arising from the filing of this Agreement, and any other transfer documents, and the forfeiture of the aforementioned property.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

27.     This plea agreement represents the total agreement between the defendant, JOHN NELSON, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY:     _____
WEI XIANG
Assistant United States Attorney

Dated:   June 26, 2017


I, JOHN NELSON, have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Robert M. Goldstein, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully

11

agree with the contents of this agreement.  I sign this agreement voluntarily and of my own

free will.

JOHN NELSON
Defendant

Dated:  June _26_, 2017

ROBERT M. GOLDSTEIN, ESQ.
Attorney for the Defendant

Dated:  June _26_, 2017